UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA SIMMONS,

          Petitioner,

                              CASE NO. 2:13-CV-12531
v.                          HONORABLE GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

          Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

      Latoya Simmons, ("petitioner"), confined at the Huron Valley Women's

Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In her *pro se* application, petitioner challenges

her conviction for armed robbery, M.CL.A. 750.529; and possession of a firearm in the

commission of a felony [felony-firearm], M.C.L.A. 750.227b.  For the reasons stated

below, the petition for writ of habeas corpus is DENIED.

**I. Background**

      Petitioner was convicted of the above offenses following a jury trial in the Wayne

County Circuit Court, in which she was tried jointly with co-defendant Nathaniel Pitts.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants' convictions arise from the robbery of Thomas Rea, who was
> robbed after he arrived at a house to meet a woman he had met on a
> telephone "chat line."  Rea stated that after he arrived at the house, he was

locked inside by the woman, whom Rea identified as defendant Simmons, after which the woman locked a security gate at the front door.  Thereafter, two men emerged from a room, one armed with a handgun and the other armed with a metal bar.  Rea identified defendant Pitts as the man with the gun.  The men robbed Rea of his money and then allowed him to leave.

*People v. Simmons,* No. 301661, * 1-2 (Mich.Ct.App. May 8, 2012). [1]

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 493 Mich. 917, 823

N.W.2d 578 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court had no authority to reject appellant's plea and sentence agreement merely because the written agreement contained a scrivener error as to the case number in the alternative, rejection of the plea agreement was an abuse of discretion.

II. The prosecution presented insufficient evidence to convict appellant for armed robbery and felony firearm.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

---

[1]  The Court notes that although respondent provided this Court with the state appellate court record from the Michigan Court of Appeals and the Michigan Supreme Court, respondent failed to provide this Court with the trial transcripts.  However, on habeas review, a district court need not examine the trial records if two conditions are satisfied: (1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion. *See Clark v. Waller,* 490 F. 3d 551, 556 (6th Cir. 2007).  Petitioner has attached to her petition a copy of petitioner's brief on appeal that was submitted to the Michigan Court of Appeals on petitioner's direct appeal, which extensively recites the facts of the case.  Respondent has also provided the Court with a copy of this brief in the Rule 5 materials.  This Court is willing to incorporate the arguments raised in petitioner's state appellate court brief as being part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).  Because the Michigan Court of Appeals summarized the facts from this case and petitioner does not challenge the facts of this case but only their legal significance, it is unnecessary for the Court to review the trial transcripts. *See also David v. Lavinge,* 190 F. Supp. 2d 974, 986, n. 5 (E.D. Mich. 2002)(court quoted the lengthy state court analysis in full because the analysis thoroughly explained petitioner's claim and because portions of the trial transcript quoted by the state court were missing from the record before the court).

cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*,  132 S. Ct. 1195, 1199 (2012).

### III.  Discussion

### A.  Claim # 1.  The trial court's rejection of petitioner's plea agreement.

Petitioner first claims that the state trial judge improperly refused to accept a pre-trial plea agreement that had been entered into between herself and the prosecution, in which petitioner would plead guilty to the armed robbery and felony-firearm charges, in exchange for dismissal of a pending case which involved similar allegations, as well as an agreement that petitioner would receive a minimum sentence of fifty one months on the armed robbery charge. Petitioner contends that the judge violated the provisions of M.C.R. 6.302, which do not require the consent of the judge to a plea of guilty. Petitioner further argues that the judge violated the separation of powers between the

different branches of state government because the decision to charge persons with

criminal offenses is vested solely in the various prosecutor's offices.

The Michigan Court of Appeals rejected petitioner's claim:

> While defendant Simmons argues that the exclusive authority for charging a
> defendant is with the prosecutor, the trial court here did not infringe on that
> authority.  The court's refusal to accept a plea from defendant Simmons was
> not based on any disagreement with the prosecutor's charging authority, but
> rather the discrepancies in the parties' understanding of the terms of the plea
> agreement, particularly those concerning which case would proceed with
> defendant Simmons's guilty plea and which case would be dismissed.  The
> trial court properly exercised its discretion by refusing to accept defendant
> Simmons's guilty plea when the parties had not fully agreed on all terms of
> the plea agreement.
>
> Moreover, defendant Simmons was not foreclosed from subsequently
> entering into a plea agreement on terms agreeable to all parties.  The trial
> court never indicated that it would not accept a plea.  It merely directed the
> parties to leave the courtroom "until you have everything straight."  Defendant
> Simmons's attorney later advised the trial court that defendant Simmons no
> longer wanted to enter a guilty plea, and instead wanted to go to trial.  For
> these reasons, there is no merit in defendant Simmons's argument that the
> trial court improperly refused to accept her guilty plea.

*Simmons,* Slip. Op. at * 4.

Petitioner is not entitled to habeas relief for several reasons.  First, there is no

constitutional right to plea bargain. *See Weatherford v. Bursey,* 429 U.S. 545, 561

(1977).  "It is a novel argument that constitutional rights are infringed by trying the

defendant rather than accepting his plea of guilty."*Id.*  A criminal defendant thus has no

right to plead guilty nor a federal right that the judge accept a guilty plea. *Missouri v.

Frye*, 132 S. Ct. 1399, 1410 (2012).  The trial court's alleged refusal to accept

petitioner's guilty plea thus cannot serve as the basis for federal habeas relief. *See

Ringstaff v. Mintzes,* 539 F. Supp. 1124, 1127-28 (E.D. Mich. 1982).

Secondly, to the extent that petitioner alleges that the trial judge violated the

provisions of M.C.R. 6.302, she would not be entitled to relief.  The Supreme Court has

held that "'federal habeas corpus review does not lie for errors of state law.' " *Estelle v.*

*McGuire*, 502 U.S. 62, 67 (1991)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner's claim that the trial judge violated the provisions of M.C.R. 6.302 in refusing

to accept her guilty plea is non-cognizable on federal habeas review. *See e.g. Watkins*

*v. Lafler,* 517 Fed. Appx. 488, 500 (6th Cir. 2013); *cert. den. sub nom Watkins v.*

*MacLaren,* 134 S. Ct. 210 (2013); *reh. den.* 134 S. Ct. 816 (2013).

Petitioner's related allegation that the legislative process violated the separation

of powers between branches of state government is not cognizable on habeas review

because it raises an issue of state law. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.

2000).  Furthermore, state officials are not required to follow their own procedural

statutes and rules as a matter of federal due process. *Sweeton v. Brown*, 27 F. 3d 1162,

1165 (6th Cir. 1994)(en banc).  In addition, a habeas petitioner is not entitled to habeas

relief based upon an alleged violation of the Michigan Constitution. *See Hudson v.*

*Berghuis,* 174 Fed. Appx. 948, 952, n. 1 (6th Cir. 2006).

Finally, as the Michigan Court of Appeals noted in rejecting petitioner's claim, the

trial judge never stated that he would refuse to accept a guilty plea from petitioner, but

merely asked the parties to straighten out the details of the plea agreement.  When the

parties returned to the court for trial, petitioner's counsel indicated that she was no

longer willing to plead guilty.  Petitioner's first claim is thus non-cognizable and without

merit.

### B.  Claim # 2.  The sufficiency of evidence.

Petitioner next contends that there was insufficient evidence presented to sustain her convictions for armed robbery and felony-firearm.  Petitioner contends that the evidence at best establishes that she was merely present when co-defendant Pitts and another man robbed the victim at gunpoint.

The Michigan Court of Appeals rejected petitioner's claim:

> We disagree with defendant Simmons's argument that the evidence failed to show that she aided and abetted the commission of the crimes.  The evidence showed that defendant Simmons assisted in the commission of the offenses by inviting the victim to the house where he was robbed while knowing that at least one of her accomplices was armed with a gun.  The victim described defendant Simmons as very friendly and the house as very inviting, with lighted candles inside, which caused him to let his guard down. After the victim entered the house, defendant Simmons locked the security door to the house, thereby preventing the victim from leaving or escaping. The fact that two armed men were present inside defendant Simmons's house, which was secured with a security gate, and that the men emerged from a room and confronted the victim only after defendant Simmons lured the victim inside and locked the security gate, supports an inference that defendant Simmons was working in association with the two armed men and that defendant Simmons assisted in the offenses by luring the victim to the secluded location and preventing his escape. We conclude that the evidence was sufficient to support defendant Simmons's convictions of armed robbery and felony-firearm on an aiding and abetting theory.

*Simmons,* Slip. Op. at * 5 (internal footnote omitted).

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the

-7-

evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. See *Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* In fact, the *Jackson* standard "is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis v. Lafler*, 658 F. 3d 525, 534 (6th Cir. 2011)(quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)(internal quotation marks omitted)). Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon. *See O'Guin v. Foltz,* 715 F. 2d 397, 400 (6th Cir.

-8-

1983).

The elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *See Parker v. Renico,* 506 F. 3d 444, 448 (6th Cir. 2007).

Petitioner does not contest the elements of the charged offenses but argues that there was insufficient evidence to convict her of aiding and abetting her co-defendant and another man in the commission of these crimes.

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F. 3d 315, 322 (6th Cir. 2007)(citing *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *See Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981).  Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N. W. 2d 728 (1995).  The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*;

196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *See Long v. Stovall,* 450 F. Supp. 2d 746, 753 (E.D. Mich. 2006); *People v. Wilson*, 196 Mich. App. 604, 614; 493 N. W. 2d 471 (1992).  The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995).  An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *Turner,* 213 Mich. App. at 568-69.

Mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense. *People v. Norris*, 236 Mich. App. 411, 419-20; 600 N. W. 2d 658 (1999); *Fuller v. Anderson*, 662 F. 2d at 424.  "[H]owever, a claim of mere presence is not a 'catch-all excuse' to defeat an inference of guilt beyond a reasonable doubt.  In evaluating a 'mere presence' defense, a factfinder must distinguish, based upon the totality of the circumstances, between one who is merely present at the scene and one who is present with criminal culpability." *See Long v. Stovall*, 450 F. Supp. at 754 (internal citation omitted).  An aider and abettor who is intentionally present during the commission of a crime may be silent during the crime's commission, "but by his demeanor, or through behavior and acts not directly related to the crime, provide 'moral

-10-

support' that is recognizable to, and relied upon by, the principal.  Such acts may be silent and may not be overt but may still amount to more than 'mere' presence." *Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002).  Michigan's "broad definition" of aiding and abetting "easily encompasses situations where the alleged aider and abettor, although silent and not committing acts directly related to the crime, was not 'merely' present, but providing emotional encouragement and support." *Id.*

The evidence in this case, when viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that petitioner aided and abetted her co-defendant Pitts and the other man in the robbery of the victim.  The evidence showed that petitioner invited the victim to her house after the two had met on a telephone chat line.  When the victim arrived at the house,  petitioner acted very friendly and had lit candles, which caused the victim to let his guard down.  After the victim entered the house, petitioner locked the security door to the house, which prevented the victim from escaping.  The fact that two armed men were already inside of petitioner's house, which had been secured with a security gate, and that these men came out of a room inside of petitioner's house and robbed the victim at gunpoint only after petitioner had invited the victim inside and locked the security gate, supported an inference that petitioner was not merely present when the other men robbed the victim at gunpoint.  Instead, this evidence clearly supports an inference that petitioner aided and abetted Pitts and the other man in the armed robbery by luring the victim to her house while knowing that Pitts and another man were armed with weapons and preparing to rob him and by locking the victim into the house so that he could not escape.

-11-

In light of the evidence presented in this case, the Michigan Court of Appeals did not unreasonably apply clearly established federal law in determining that the evidence was sufficient to convict petitioner of armed robbery and felony-firearm on an aiding and abetting theory. *See Brown v. Konteh,* 567 F. 3d 191, 209-12 (6th Cir. 2009). In particular, when petitioner's case is reviewed pursuant to the AEDPA's "double deference" standard, this Court is unable to state that the Michigan Court of Appeals' decision that there was sufficient evidence to convict petitioner under an aiding and abetting theory was "so far out of line with the very general standard set forth in *Jackson v. Virginia* as to warrant granting [petitioner] habeas relief." *Davis v. Lafler*, 658 F. 3d at 535. Petitioner is not entitled to relief on her second claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters

-12-

a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28
U.S.C. foll. § 2254.

      For the reasons stated in this opinion, the Court will deny petitioner a certificate
of appealability because she has failed to make a substantial showing of the denial of a
federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich.
2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because
the appeal would be frivolous. *Id.*

### V. ORDER

      Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas
Corpus is **DISMISSED WITH PREJUDICE.**

      IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

      IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma
pauperis.*

Dated:  March 6, 2014

                  s/George Caram Steeh
                  GEORGE CARAM STEEH
                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 6, 2014, by electronic and/or ordinary mail and also on
Latoya Simmons #786947, Huron Valley Complex - Womens
3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk